(75 South. 884)

### CAMPBELL et al. v. GOLDTHWAITE.
(4 Div. 666.)

(Supreme Court of Alabama. April 26, 1917. Rehearing Denied May 17, 1917.)

Appeal from Chancery Court, Pike County; O. S. Lewis, Chancellor.

Bill by Charles B. Goldthwaite against M. B. Campbell and W. P. McGaugh. Decree for complainant, and respondents appeal. Affirmed.

W. P. McGaugh and Steiner, Crum & Weil, all of Montgomery, for appellants. E. R. Brannen, of Troy, for appellee.

ANDERSON, C. J. The equity of this bill and the questions of law now argued were fully discussed and settled in the opinion of this court upon former appeal (189 Ala. 1, 66 South. 483), and we are not disposed to depart from the former holding. Our attention has been called to an inaccuracy in a statement on page 8 of the former opinion as to a division of the lot, as well as the consideration of the purchase, wherein it was stated, "figuratively" speaking, that the consideration was split and the land was divided into two tracts, wherein the vendor took a mortgage on one part and looked to his vendor's lien on the other land. We did overlook the fact that a small strip of the land was not embraced in the mortgage, and was also excluded from that portion of the hotel part of the tract, and for which the vendor was to be paid in bonds. This, however, does not materially change the legal aspect of the case, or affect the correctness of the former holding. We repeat that, while the purchase was apparently for all the property at a given consideration, the consideration was prorated by the terms of the agreement, so as to make the hotel lot represent $8,000 of the purchase price, and the other land not included in the hotel part was to represent the rest of the purchase price, whether the mortgage did or did not include all of the land other than that intended for the hotel. In other words, the agreement separates the hotel lot from the other part of the tract, and fixes the consideration therefor at $8,000, to be paid in bonds of the proposed

hotel company. We still think that the complainant has a vendor's lien upon the hotel lot, and which is superior to the mortgage of the cross-complainant McGaugh, who was Campbell's attorney throughout the entire transaction, and who is not an innocent purchaser.

The decree of the chancery court is affirmed. Affirmed.

, McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.

NOTE.—While no application for rehearing has been made in this case, it has been brought to the attention of this court that the decree of the chancery court orders a sale of all of the real estate that was included in the purchase by Campbell from Goldthwaite. This was improper, and the prayer of the bill did not seek to enforce a lien on all of the property. We hold that the complainant is entitled to a lien for the $8,000 and interest only upon so much of the property as was set apart for the contemplated hotel; that is, the land sold, less that embraced in the mortgage and the little strip omitted both from the mortgage and the hotel site.

The decree is therefore corrected, and, as corrected, is affirmed.